IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYRUS GEORGE,**

      **Petitioner,**

  **v.**                                    **CIVIL ACTION NO. 2:11cv43**
                                                   **(Judge Bailey)**

**KUMA J. DEBOO,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 3, 2011, the *pro se* petitioner, Cyrus George, an inmate at FCI Gilmer, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking additional good conduct credits. The petitioner paid the filing fee on June 8, 2011. On June 9, 2011, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On July 27, 2011, the respondent filed a Motion to Dismiss and Response to Order to Show Cause.. On July 28, 2011, a Roseboro Notice was issued, and on August12, 2011, the petitioner filed a response.

### II. FACTS

The petitioner was convicted in the Circuit Court of Upshur County, West Virginia, for malicious assault and attempted murder in the first degree. On September 8, 1989, he was sentenced to a term o f not less than two years and not more than ten years on the malicious assault count and a term of not less than one year, nor more than five years, on the attempted murder conviction. The

effective date of the sentences was September 7, 1988.[1]

On May 3, 1990, while confined in state custody, the petitioner was removed to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. Following a jury trial, the petitioner was convicted in federal court for several offenses: violation of 18 U.S.C. § 1620© (Count 1, offense concluded December 1989); 19 U.S.C. § 1982(d) (Count 2, offense concluded December 1989); 18 U.S.C. § 1952(B)(a)(5) (Count 15, offense concluded November 1986); 18 U.S.C. § 1952B(a)(2) (Count 16, offense concluded November 14, 1986); 18 U.S.C. § 1952B(a)(5) (Count 17, offense concluded February 1987); and 18 U.S.C. § 1952B(a)(2) (Count 18, offense concluded February 2, 1987).[2]

On May 26, 1993, the petitioner was sentenced by the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia. Judge Maxwell committed the petitioner to the custody of the Bureau of Prisons ("BOP") for a term of four hundred eighty (480) months on counts 1 and 2, to be executed as a guideline sentence imposed under the Sentencing Reform Act. Judge Maxwell imposed the following sentencing as to the remaining (pre-guidelines offense): ten (10) years as to counts 15, 17, and 18, to be served concurrently with each other and with the sentence imposed in count 1, and thirty (30) years as to count 16, to be served concurrently with the sentences imposed on counts 1 and 2. The federal sentences were to run concurrently with his unexpired state sentence.

On May 26, 1993, the petitioner was returned to the Huttonsville Correctional Center in West Virginia. The petitioner was released from his state sentence to his federal detainer to serve the remainder of his federal sentence.

---

[1] See 2:06cv-00003-JPB-JES (Dckt. 5-1).

[2] See 2:90-cr-00078-JPB

## III. CONTENTIONS OF THE PARTIES

Petitioner makes the following arguments in his Application for Habeas Corpus:

(1) The BOP failed to award him 169 days of extra good time credits for the time he claims he was in federal detention, specifically from April 10, 1990 to May 25, 1993.

(2) Because the sentencing court imposed the statutory maximum sentence, and because he is not entitled to prior custody credit for the time he spent in state custody serving his state sentence prior to the imposition of his federal sentence, in effect he is being forced to serve a sentence longer than the statutory maximum sentence. The petitioner contends that this dilemma creates a separation of powers issue.

The Government contends that the petition should be dismissed because:

(1) the petitioner is not entitled to extra good time credit for the time period April 10, 1990 to May 25, 1993, because he was not in federal custody and thus not in federal pretrial detention during that time.

(2) It is 18 U.S.C. § 3585(b) and not the BOP that precludes the petitioner from receiving prior custody credit, and therefore, the petitioner's separation of powers claim is without merit.

In his reply the petitioner argues that the plain reading of 28 C.F.R. § 523.17(1) allows him to receive federal good time credits for the time he spent in federal pretrial detention. Citing Lopez v. Terrell, 697 F.Supp.2d 549 (SDNY 2010), the petitioner contends that this regulation permits federal pretrial detention credits, regardless of whether the detainee is serving a prior state sentence or prior federal sentence. Additionally, the petitioner argues that the BOP's refusal to obey the Court's recommendation created an upward departure in his sentence.

## IV. STANDARD OR REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme

Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. ANALYSIS

It is pertinent to note that this is not the first time the petitioner has challenged the BOP's calculation of his federal sentence. In 2000, the petitioner filed a Petition for Writ of Habeas Corpus with the United States District Court for the District of Maryland. In that action, the petitioner requested that time spent serving his state sentence be credited to his federal sentence. The Maryland Court found that the 37 months in which the petitioner was on writ to federal authorities was credited to his state sentence and could not be credited to his federal sentence. The Maryland Court also found that the petitioner's federal sentence was properly imposed. Thereafter, on January 12, 2006, the petitioner filed a Petition for Writ of Habeas Corpus with this Court arguing that the BOP's failure to credit his federal sentence with the requested time had effectively transformed his 480-month federal sentence into a 525-month sentence. As with his instant petition, the petitioner asserted that such a sentence is beyond the statutory maximum permitted by statute. However, in his first petition filed with this Court, the petitioner alleged that since the BOP and the sentencing court had refused to award his federal sentence with the time in question, his 480-month sentence must be vacated as a violation of the double jeopardy clause.

**A. Good Conduct Time**

In his current, or third petition, the petitioner seeks 169 days of extra good conduct time for the period he was in "federal pretrial detention" from April 4, 1990 through May 25, 1993. The

5

petitioner maintains that he is entitled to that credit under 28 C.F.R. § 523.17(l), and the BOP's failure to determine this claim constitutes a complete failure by the BOP to account for its own pretrial detention regulation.

As previously noted, the petitioner relies on the holding in <u>Lopez v. Terrell</u>,[3] <u>supra</u> to support his claim for his calculated 169 days of good time credit. In <u>Lopez</u>, the District Court interpreted the phrase "term of imprisonment" as used in the good conduct time statute to encompass all the time a prisoner serves for a federal offense, whether before or after the sentence date, and if before the sentence date, whether the prisoner has received credit for any time spent in official detention prior to the date the sentence commences or has received adjustment for period of incarceration for related state conviction. However, this Court need not determine whether the ruling by the District Court for the Southern District of New York applies to the instant petition, because less than one year later, the United States Court of Appeals for the Second Circuit reversed the district court's opinion. <u>Lopez v. Terrell</u>, 2011 WL 2708924 (C.A2 (N.Y.)). In reaching its decision, the Court of Appeals noted that the lower court concluded that the agency's construction of 18 U.S.C. § 3624(b) was inconsistent with 28 C.F.R. § 523.17(l), which the court viewed as permitting the award of GCT

---

[3] On August 11, 2000, Lopez was arrested for selling crack cocaine and charged by the State of New York with criminal sale of a controlled substance in the third degree. He pleaded guilty and was sentenced to an indeterminate term of four and one-half years to nine years imprisonment. In November 2004, after serving four years and three months in state custody, Lopez was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum, and in April 2005, was indicted by a federal grand jury on one count of conspiracy to distribute crack cocaine. Lopez pleaded guilty to the federal charge on September 27, 2007, and was sentenced on June 19, 2008; as of that date, he was still serving his state sentence. After sentencing, Lopez was remanded to state custody to serve the remaining portion of his undischarged state sentence, which he completed on December 31, 2008. He then returned to federal custody to complete his federal sentence. After entering federal custody, Lopez learned that the BOP had determined that he only was eligible for GCT as to the 38 months he served following his date of sentencing in district court.

for periods of detention preceding the defendant's federal sentencing. This conclusion, however, was incorrect in the Court of Appeals view. Accordingly, the Court of Appeals determined that the BOP's interpretation of 18 U.S.C. § 3624(c) was correct and limits the award of GCT to the term of imprisonment constituting a defendant's federal sentence as defined under 18 U.S.C. § 3585. Therefore, the petitioner is not entitled to 169 days of GCT for the thirty seven months he was detained by federal authorities awaiting trial and sentencing.

**B.** *Nunc Tro Tunc* **Designation**

Although the petitioner does not explain his reasoning that the BOP is forcing him to serve a sentence that exceeds the maximum sentence authorized by Congress, the undersigned assumes that he believes that by ordering his federal sentence to fun concurrently with his state sentence, the BOP should have commenced his federal sentence calculation on September 8, 1989, the date he first began serving his state sentence. Further it would appear that the petition is arguing, as he did in his 2006 petition to this Court, that the BOP has effectively transferred his 480-month federal sentence into a 525-month sentence

In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal

sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") In the petitioner's case, it appears that the BOP followed the order of the Court and began to run the petitioner's sentence from the date it was imposed on May 26, 1993, even though he did not enter federal custody to begin serving his sentence until March 7, 1996. To the extent that the petitioner believes that he is entitled to additional credit on his federal sentence simply because it was ordered to run concurrently with his state sentence, he is clearly incorrect. A federal sentence commences on the day that it is announced, even when concurrent to a sentence already being served. See United States v. McLean, 867 F.2d 609 (4th Cir. 1989)(unpublished); see also Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); United States v. Flores, 616 F.2d 840 (5th Cir. 1980). Consequently, a federal sentence ordered to run concurrent to a state sentence being served can only run concurrent with that part of the state sentence yet to be served.

As noted by Magistrate Judge Seibert in 2006, the petitioner's federal sentence was imposed on May 26, 1993, and was ordered to run concurrent with any *unexpired* portion of his state sentence. Therefore, the petitioner's state and federal sentences ran concurrent from the date on which the federal sentence was imposed, and only to the extent that his state sentence was not expired as of that date. Therefore, the petitioner is simply not entitled to credit on his federal sentence for the time period between September 8, 1989, the date of his state sentence, and May 26, 1993, the date of his federal sentence.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (Doc. 11) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 8-31-2011

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE